COMPUTER NETWORK
CORPORATION,
Plaintiff,

v.

John SPOHLER, et al., Defendants.

Civ. A. No. 82–0287.

United States District Court,
District of Columbia.

Aug. 30, 1982.
Memorandum and Order July 6, 1982.

Howard V. Sinclair, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., for plaintiff.

Clark R. Silcox, McKean, MacIntyre, Wilson & Richardson, P. C., Washington, D. C., Stuart A. Krause, Sage, Gray, Todd & Sims, New York City, for defendant John Spohler.

Barbara Mentz, Hall, McNicol, Hamilton, Clark & Murray, New York City, for defendants Thomson McKinnon, Inc. and Thomson McKinnon Securities, Inc.

## ORDER

NORMA HOLLOWAY JOHNSON, District Judge.

Upon consideration of plaintiff's appeal from portions of the Memorandum and Order entered by the United States Magistrate on July 2, 1982, the accompanying memoranda in support of and in opposition thereto, and the entire record herein, it appearing to the Court that the Magistrate's ruling on the issues that are the subject of this appeal was neither clearly erroneous nor contrary to law, *see*, Local Rule 3–8(b), therefore, it is by the Court this 30th day of August, 1982,

ORDERED that those portions of the Magistrate's Memorandum and Order on appeal herein are hereby affirmed.

## MEMORANDUM AND ORDER

July 2, 1982.

ARTHUR L. BURNETT, Magistrate.

On March 9, 1982 the plaintiff, Computer Network Corporation ("Comnet"), filed a motion to compel requesting the Court pursuant to Rule 37 of the Federal Rules of Civil Procedure to order the defendants to provide discovery as follows:

1. Requiring Newton B. Schott, Jr., an officer of defendants Thomson McKinnon Securities, Inc. to answer questions posed to him at the taking of his deposition on February 19, 1982, concerning the factual basis underlying the affidavit executed by him and submitted to the Court on February 5, 1982 in connection with the defendants' opposition to plaintiff's motion for expedited discovery, which affidavit purported to speak to the merits of the litigation concerning whether the defendants had committed any securities laws violations with reference to the reporting and disclosure requirements of Sections 13(d) and 13(g) of the Securities and Exchange Act of 1934, and the rules and regulations thereunder.[1]

2. Requiring Newton B. Schott, Jr. to answer questions posed to him at the taking of his deposition concerning the investigation and disciplinary proceeding being conducted by the American Stock Exchange (AMEX) into certain trading activities of defendant John Spohler in the securities of Glasrock Medical Services Corporation. In addition, plaintiff requested that it be awarded all costs and expenses incurred in obtaining the requested order compelling discovery.

The defendants responded with a motion for a protective order to preclude the plaintiff from seeking further discovery with respect to matters concerning Glasrock Medical Services. Corporation, and that it be awarded all costs and expenses incurred in obtaining the requested Protective Order. The defendants filed a single memorandum of points and authorities in opposition to plaintiff's motion to compel and in support of the corporate defendants' motion for a protective order pursuant to Federal Rules of Civil Procedure, Rule 26(c). Plaintiff

1. Specifically, plaintiff has characterized its complaint as alleging that the Schedules 13D and 13G filed by the defendants are deficient in numerous respects, such as, failing to indicate the total amount of Comnet stock owned or held by the defendants; failing to provide information concerning each of the transactions in Comnet stock effected within the applicable 60 day period; failing to provide a full description of the margin accounts, and the terms and conditions of borrowing relationships for funds, used or to be used for acquisitions of Comnet stock; and failing to disclose past adjudications of securities violations or wrongdoing. Comnet also alleges that the defendants have formed a "group" and were purchasing Comnet stock with the intention to acquire, change, or influence control of Comnet or to acquire a controlling interest in Comnet and to sell that controlling interest to others at a substantial premium over the price at which Comnet stock had been trading.

thereafter on April 15, 1982 filed its opposition to defendants' motion for protective order and reply to defendants' opposition to plaintiff's motion to compel. On April 21, 1982 the corporate defendants filed their reply memorandum of points and authorities in support of their motion for protective order. The Magistrate conducted an extensive hearing on these and related motions on April 21, 1982 and took the issues under advisement. Subsequently by letter of May 4, 1982 counsel for the plaintiff submitted a copy of the complete transcripts of the Spohler and Schott depositions to assist the Magistrate in resolving the discovery issues involved in the foregoing motions and in other related motions. The Magistrate has reviewed these matters and the court file again. Because of the complexity and sensitivity of the issues raised, the resolution of the issues presented has required more time than originally contemplated by the Magistrate.

■ In the affidavit submitted by Newton B. Schott, Jr. he represented that he was a corporate officer of and General Counsel to both corporate defendants. Mr. Schott in his deposition stated that he was the Secretary, Executive Vice-President, and General Counsel of Thomson McKinnon Securities, Inc. and the Secretary and General Counsel of Thomson McKinnon, Inc. Further, Mr. Schott testified at deposition that outside counsel prepared and filed any required Schedule 13D's and Schedule G's on behalf of the corporate defendants and that any such filings signed by him were signed in his capacity as Secretary to the corporations and not as General Counsel. This raises the question of whether his factual affidavit submitted on behalf of the corporate defendants was submitted in his capacity as Secretary or as General Counsel. If he signed the affidavit based on facts obtained in communications with other corporate officers in his capacity as Secretary, the fact that he happens to be General Counsel is immaterial, and the basis for the factual information contained in the affidavit is as discoverable as if the affidavit had been signed by a corporate officer who was not an attorney. The mere fact that Mr.

Schott is an attorney does not render privileged all of his communications with other corporate officials. *Burlington Industries, Inc. v. Exxon Corp.,* 65 F.R.D. 26, 37 (D.Md. 1974). Further, from this Magistrate's reading of the affidavit in the context it was given, to influence the court based on factual representations therein to deny the motion for expedited discovery, it appears that the purpose of the conversations with other corporate officials was to obtain facts to represent to the court, and not for the purpose of rendering legal advice to his client. Submitting the affidavit was far different than a lawyer filing an answer to a complaint or a memorandum of points and authorities in which he weaves in factual representations with legal arguments. Here Mr. Schott was being a factual witness concerning fact issues which goes to the heart of this legal controversy. He cannot foreclose discovery of the factual basis for his factual representations in the affidavit anymore than he could take the witness stand and testify on direct examination to the factual matters set forth in his affidavit, and then preclude cross-examination by invoking the attorney-client privilege. In this Magistrate's view on the facts presented and in the context in which this affidavit was given, the attorney-client privilege has no application to communications he had with other corporate officers and employees in order to make the factual assertions he did.

■ However, even if the communications came within the attorney-client privilege, this Magistrate concludes that the privilege was waived. A party cannot voluntarily disclose facts in his favor before a judicial tribunal, when they are helpful to his cause, and then invoke the attorney-client privilege as a shield to prevent a searching inquiry so that a court may determine the truthfulness of the facts initially presented. A litigant cannot convert the privilege into a tool for selective disclosure. *The Permian Corporation, et al. v. United States,* 665 F.2d 1214 (D.C.Cir.1981). Accordingly, Mr. Schott at a continuation of his deposition shall be required to answer

questions concerning the factual basis for the factual representations in the affidavit executed by him and submitted to the Court on February 5, 1982, including communications he had with corporate officials of both of the corporate defendants.

As to the second area of discovery dispute concerning Mr. Schott's refusal to answer questions at deposition concerning the investigation and disciplinary proceedings being conducted by the American Stock Exchange into certain of defendant John Spohler's trading activities, while similar conduct with reference to stock acquisition and trading of stocks of other companies may be relevant on issues of intent and to establish a pattern of conduct, the Magistrate is of the view that plaintiff has at this point only offered conjecture and speculation and this is a too insubstantial ground to warrant further discovery concerning the trading of the securities of Glasrock Medical Services Corporation at this time. Further, if the AMEX investigation and disciplinary proceedings involved trading activities in Comnet stock, it is the Magistrate's view that a more direct discovery route would be through the use of Rules 30 and 45 to take the deposition of a representative of AMEX knowledgeable about the facts obtained in that investigation. Especially is this so in view of the American Stock Exchange Inc.'s interpretation of its Rule 11(a) to the effect that it does not prevent deponents in civil litigation from discussing a matter which is under investigation by the Exchange. Based on the foregoing analysis and judicial precedent, it is now this 2d day of July, 1982 hereby

ORDERED:

1. That Newton B. Schott, Jr. shall testify in deposition and answer all questions posed to him concerning the factual basis underlying the affidavit executed by him and submitted to the Court on February 5, 1982, including communications with corporate officers and employees of both corporate defendants, but not including communications with outside counsel.

2. That Newton B. Schott, Jr. shall not be required to testify in deposition and answer questions concerning the alleged investigation and disciplinary proceeding being conducted by the American Stock Exchange into certain trading activities of the defendant John Spohler.

3. That the corporate defendants' Motion for Protective Order be and is hereby GRANTED in that Computer Network Corporation shall obtain no further discovery with respect to matters concerning Glasrock Medical Services Corporation except upon a showing of specific acts and conduct of John Spohler indicating an intent to take over Glasrock or to conceal facts required to be disclosed under securities laws and regulations with respect thereto, and with leave of the Magistrate or the Court.[2]

4. That all parties are denied their respective requests for costs and expenses, including attorneys' fees, each party to bear its or his own costs and expenses.

---

**2.** Of course, if the plaintiff can affirmatively show that the acts and conduct of other corporate officials on behalf of the corporate defendants have a significant nexus to the issues involved in this case, plaintiff may also seek leave to explore these additional avenues of discovery, provided of course that such discovery is reasonably calculated to lead to admissible evidence in this case.