**PUBLIC UTILITY COMMISSION OF TEXAS, et al., Appellants,**

v.

**HOUSTON LIGHTING & POWER COMPANY, Appellee.**

**No. 3–89–104–CV.**

Court of Appeals of Texas, Austin.

Oct. 4, 1989.

---

Jim Mattox, Atty. Gen., Norma K. Scogin, Asst. Atty. Gen., Austin, for appellants.

R. James George, Jr., Graves, Dougherty, Hearon & Moody, Austin, for appellee.

Before POWERS, CARROLL and ABOUSSIE, JJ.

CARROLL, Justice.

The district court granted appellee's application for a temporary injunction to prevent the disclosure of documents protected by the attorney-client privilege. We will affirm the order of the district court in granting the temporary injunction.

## BACKGROUND

Appellee is a party to three consolidated cases pending before the Public Utility Commission, Docket Nos. 6668, 6753 and 8425. These consolidated proceedings involve both an electric utility rate base increase request by appellee and an inquiry into the prudence and efficiency of the construction and management of the South Texas Nuclear Project, also known as the STNP.

Several parties who are participating in these consolidated Commission cases filed requests for the production of documents prepared for appellee by Marc Victor, an attorney appellee hired during appellee's lawsuit for mismanagement against the original STNP architect/constructor, Brown & Root, Inc. The Brown & Root suit was resolved in favor of appellee pursuant to a cash settlement. Arguing that the requested material is protected by the attorney-client privilege, appellee objected to the production of the "Marc Victor" documents.

Following an *in camera* inspection of the documents, a Commission administrative law judge and hearings examiner ruled that the documents were privileged and, therefore, were not discoverable. The Public Utility Commission overruled the examiners' decision and ordered appellee to produce the documents pursuant to the original discovery request.

Appellee is challenging the Commission's ruling by pursuing a declaratory judgment action in the district court of Travis County. Pending the district court's decision regarding the merits of appellee's claim, appellee sought and received injunctive relief from the Commission's disclosure order.

## CONTENTIONS OF THE PARTIES

Appellants contend first that the district court lacked jurisdiction to consider appellee's request for a temporary injunction. Next, appellants argue that if the district court had jurisdiction there was an "implied waiver" of the privilege arising from appellee's "offensive use of its claim of privilege."

Appellee responds that, once the documents have been disclosed, subsequent review of the Commission's decision will not remedy appellee's harm. Consequently, the district court had inherent jurisdiction to consider appellee's request for equitable injunctive relief. Finally, appellee maintains that the district court did not abuse its discretion in granting appellee's request for a temporary injunction.

## ANALYSIS AND CONCLUSIONS

■ Appellants' point of error number one attacks the district court's jurisdiction to consider appellee's request for temporary injunction.

In the dispute before this Court, the attorney-client privilege would be forever waived, and any future appeal would be rendered meaningless if appellee is forced to produce the privileged documents before judicial review of the entire case now pending before the Commission. Notwithstanding equitable relief, the law provides no means to facilitate the review of an inter-

locutory discovery ruling which will impose irremediable injury upon parties appearing before the Commission.

Regarding the district court's authority to grant appellee's requested relief, the "[d]istrict court['s] jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and *remedies*, except in cases where exclusive, appellate, or original jurisdiction may be conferred by [the Texas] Constitution or other law on some other court, tribunal, or administrative body." Tex. Const. Ann. art. V, § 8 (Supp.1989) (emphasis added). Further, "[t]he judge of a district court ... shall hear and determine applications for writs of injunctions." Tex.Civ.Prac. & Rem.Code Ann. § 65.021(a) (1986). Finally, "[a] writ of injunction may be granted if the applicant is entitled to a writ of injunction under the principles of equity...." Tex.Civ.Prac. & Rem.Code Ann. § 65.011(3) (Supp.1989).

■ Texas common law recognizes the equitable principle that a party is entitled to remedy by injunction when there is no adequate remedy at law. *Brazos River Conservation and Reclamation District v. Allen*, 141 Tex. 208, 171 S.W.2d 842, 846 (1943). In the matter before this Court, the laws of Texas may not be construed to confer jurisdiction on any "other court, tribunal, or administrative body" so as to deprive the district court of jurisdiction to prevent irreparable injury by issuance of an injunction. Tex. Const. Ann. art. V, § 8 (Supp.1989). As a result, article V, section 8 of the Texas Constitution, sections 65.011(3) and 65.021(a) of the Civil Practice and Remedies code, and the equitable doctrine of *Brazos River Conservation and Reclamation District* confer jurisdiction upon the district court. Accordingly, we overrule appellants' point of error number one.

■ Appellants' point of error number two asserts that the district court erred in granting appellee's request for a temporary injunction. Our review of the district court's action is strictly limited to determining whether the district court abused its

discretion in granting the interlocutory order. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978).

One of the factors in deciding whether there was an abuse of discretion is "the existence of an adequate remedy at law." *Harris County v. Gordon,* 616 S.W.2d 167, 168 (Tex.1981); *Brazos River Conservation and Reclamation District,* 171 S.W.2d at 846. Here, forced production of the privileged documents before a judicial resolution of the validity of the Commission's order will foreclose forever a meaningful review by the courts. Consequently, we conclude that, absent appellee's cause of action filed in the district court, appellee did not have an adequate remedy at law.

Regarding the issue of waiver, appellants admit that, absent an "offensive" waiver by appellee, the documents sought are protected by the attorney-client privilege. The record before this Court fully supports appellants' admission.

■ Appellants' assertion that appellee waived the attorney-client privilege is based on appellants' interpretation of *Ginsberg v. Fifth Court of Appeals,* 686 S.W.2d 105 (Tex.1985) and *DeWitt and Rearick, Inc. v. Ferguson,* 699 S.W.2d 692 (Tex.App. 1985, orig. mand. proceeding). According to appellants, *Ginsberg* and *DeWitt* stand for the proposition that an offensive use of the claimed privilege results in waiver of the privilege. We agree. Nonetheless, we believe that appellants' interpretation of *Ginsberg* and *DeWitt* in the context of the dispute before this Court is novel, untested, and mistaken.

In *Ginsberg,* the supreme court stated that "[t]he primary issue is whether a plaintiff has the right to use the psychotherapist-patient privilege offensively to shield information which would be material and relevant to the defendant's defense of claims made against him by the plaintiff." 686 S.W.2d at 106. The court went on to rule that "[a] plaintiff cannot use one hand to seek affirmative relief in court and with the other lower an iron curtain of silence against otherwise pertinent and proper questions which may have a bearing upon

his right to maintain his action." *Ginsberg,* 686 S.W.2d at 108.

Adopting the reasoning of *Ginsberg,* the court in *DeWitt* held that plaintiffs had waived their attorney-client privilege. 699 S.W.2d at 694. In *DeWitt,* three sisters, upon advice of counsel, paid a sum of money to a third party in settlement of a previous case and sought recovery of the settlement amount from subsequent defendants. The sisters testified that their attorney's confidential advice was the basis for the sisters decision to settle the previous case and to subsequently seek reimbursement of the settlement amount from the current defendants. *DeWitt,* 699 S.W.2d at 693.

In their attempt to avoid liability for the settlement paid by the sisters, defendants requested that the sisters produce the advice of counsel which prompted the sisters' original settlement payment. The sisters resisted the production request by asserting the attorney-client privilege. Noting that the sisters went into court voluntarily in search of affirmative relief, the court of appeals concluded that the sisters' attempted exercise of the attorney-client privilege amounted to an improper "offensive" use of the privilege. *DeWitt,* 699 S.W.2d at 694.

■ We now turn to the specific circumstances of the case pending before this Court. If appellee desires to raise its utility rates, the Public Utility Regulatory Act ("PURA") mandates that appellee file a rate case with the Commission and demonstrate that appellee's requested rate level is "just and reasonable." Tex.Rev.Civ. Stat.Ann. art. 1446c §§ 40 and 43(a) (Supp. 1989). In other words, appellee, in order to raise the price of its product, must participate in a rate case and bear the burden of proving that each dollar of cost incurred was reasonably and prudently invested.

Appellee is seeking a rate base increase that encompasses its total STNP construction costs incurred net of the settlement amount that it received from Brown & Root, Inc. The settlement amount will be offset from appellee's potential rate base increase in order to avoid double recovery by appellee. Because the PURA places the

burden of proof on the utility in rate cases, the reasonableness of the Brown & Root settlement, which appellants contend can be shown through the "Marc Victor" documents, is not relevant to the resolution of appellee's rate case.

In *DeWitt*, the crucial factor that lead to waiver was the connection between: (1) the amount of damages actually incurred by the sisters due to their payment of a settlement to a third party in anticipation of the sisters subsequently seeking reimbursement from defendants; and (2) the advice of counsel upon which the sisters directly relied when making their decision to settle and to subsequently seek reimbursement. Here, there is no link between: (1) the amount of rate base increase that appellee is seeking in its rate case pending before the Commission; and (2) the "advice" contained in the privileged documents generated for the Brown & Root litigation.

The "Marc Victor" documents simply do not relate to any "pertinent or proper questions which may have a bearing upon [appellee's] right to maintain [its] action" before the Commission. *Ginsberg*, 686 S.W.2d at 108. Hence, we find lacking in the dispute before us those factual justifications for offensive waiver present in *Ginsberg* and *DeWitt*. Therefore, we conclude as a matter of law that appellee did not waive its attorney-client privilege.

For the reasons set forth above, we find that the district court did not abuse its discretion. Accordingly, we overrule appellants' point of error number two.

The order of the district court is affirmed.