# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00447-CV

### Veterans of Foreign Wars, Texas Division, Appellant

### v.

### Greg Abbott, Attorney General of Texas,[1] Appellee

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. GN103799, HONORABLE ROSE SPECTOR, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

This appeal relates to video-game machines offering the chance to win prizes, known as "eight-liners." Several member posts of appellant Veterans of Foreign Wars, Texas Division, ("VFW") have installed eight-liners for fund raising purposes. After appellee the Attorney General of Texas made statements explaining his interpretation of the statute governing eight-liners, VFW sued, seeking a declaratory judgment and injunction. The Attorney General filed a plea to the jurisdiction, and the trial court granted the plea and dismissed VFW's suit. On appeal VFW contends that the trial court erred in dismissing the suit because its petition did not contain an incurable jurisdictional defect and alleged sufficient facts to invoke the trial court's jurisdiction. VFW also

---

[1] This suit was filed against former Attorney General John Cornyn. We have substituted the current Attorney General, Greg Abbott, as a party. *See* Tex. R. App. P. 7.2(a).

contends that the trial court erred in failing to hold an evidentiary hearing before dismissing the suit. We will affirm the trial court's dismissal of VFW's suit.

## Background

In its petition, VFW alleged that the Attorney General's statement of the law related to eight-liners was incorrect and threatened VFW's legal rights and privileges; the Attorney General had overstepped his statutory authority by giving legal advice to persons such as local police departments; VFW as a taxpayer sought to enjoin the further illegal expenditure of public funds; and the Attorney General had promulgated a rule without complying with the government code's rulemaking procedures and thus the rule was invalid. VFW sought to have the Attorney General enjoined from giving legal advice about the legality of eight-liners to anyone not specifically authorized to receive such advice and from expending further public funds on any such activity. VFW also asked the trial court to issue a declaratory judgment (1) stating that the government code prohibited the Attorney General from giving legal advice on criminal law matters directly to police departments or police officers, (2) stating that the Attorney General's interpretation of the law was incorrect, and (3) declaring and defining section 47.01(4)(B) of the penal code, the statute that relates to eight-liners. *See* Tex. Pen. Code Ann. § 47.01 (West 2003).

The Attorney General filed a plea to the jurisdiction asserting sovereign immunity against claims made against him in his official capacity and that (1) VFW was not a taxpayer and thus was not entitled to injunctive relief, (2) the activities VFW sought to enjoin were specifically authorized by statute and cannot be enjoined, (3) no justiciable controversy existed between the

2

parties, (4) VFW did not have property or personal rights at issue because it did not own eight-liners and had not been threatened with legal action, and (5) an injunction against future spoken or written words would be an impermissible restraint on speech.

## Standard of Review

A plea to the jurisdiction seeks to dismiss a cause of action without regard to the merits of the plaintiff's claims. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). In reviewing a dismissal pursuant to a plea to the jurisdiction, we liberally construe the pleadings in favor of the plaintiff and look to the plaintiff's intent. *City of San Angelo v. Smith*, 69 S.W.3d 303, 307 (Tex. App.—Austin 2002, pet. denied); *see Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). To prevail on a plea to the jurisdiction, a defendant must show that, even if all the factual allegations in the plaintiff's pleadings are true, there is a defect apparent on the face of the pleadings, such that it would be impossible to cure the defect so as to confer jurisdiction on the trial court. *Smith*, 69 S.W.3d at 306; *Texas Dep't of Transp. v. City of Sunset Valley*, 8 S.W.3d 727, 729 (Tex. App.—Austin 1999, no pet.). A trial court should hear evidence as necessary to determine the jurisdictional issues, but plaintiffs need not preview their case on the merits simply to establish jurisdiction. *Blue*, 34 S.W.3d at 554-55.

## Discussion

The Attorney General is a constitutionally created office with the responsibility to "represent the State in all suits and pleas in the Supreme Court of the State in which the State may be a party," and to "give legal advice in writing to the Governor and other executive officers, when

requested by them, and perform such other duties as may be required by law." Tex. Const. art. IV, § 22. The legislature has further defined the Attorney General's duties and powers to include, among others: the authority to employ peace officers as investigators to assist in carrying out the Attorney General's duties "relating to prosecution assistance and crime prevention," Tex. Gov't Code Ann. § 402.009 (West Supp. 2003); the prosecution and defense of "all actions in which the state is interested before the supreme court and courts of appeals," *id.* § 402.021 (West 1998); and the provision of requested assistance to district or county attorneys in criminal prosecutions, *id.* § 402.028(a) (West 1998). The legislature has also enacted statutes governing written opinions issued upon request to various state officials and employees. *See id.* §§ 402.041-.045 (West 1998).

VFW attacks the correctness of the Attorney General's legal determinations related to eight-liners and contends that he acted illegally in giving legal advice to law enforcement agencies and officers and that his opinions amounted to illegally promulgated rules.

Whether the Attorney General's legal interpretation related to eight-liners is correct is not a proper issue for this suit for declaratory judgment.[2] A civil court may not issue "naked declarations of 'rights, status or other legal relationships arising under a penal statute.'" *State v. Morales*, 869 S.W.2d 941, 947 (Tex. 1994) (quoting *Malone v. City of Houston*, 278 S.W.2d 204, 206 (Tex. Civ. App.—Galveston 1955, writ ref'd n.r.e.)). A civil court may declare a penal statute unconstitutional and enjoin its enforcement only under very limited circumstances. *Id*. at 942. VFW's issues related to the Attorney General's interpretation of the law seek the very kind of

---

[2] In a letter brief, the Attorney General noted a recent supreme court case on the subject of eight-liners. *See Hardy v. State*, 46 Tex. Sup. Ct. J. 555, 560-61, 2003 Tex. LEXIS 40, at *22-25 (Apr. 3, 2003).

"naked declaration" disallowed by the supreme court. The trial court did not err in dismissing VFW's suit as far as it requested a declaration of the meaning of section 47.01 of the penal code.

As for VFW's contention that the Attorney General acted illegally in consulting and sharing documents with law enforcement authorities, we disagree that such actions amounted to the giving of "legal advice" or opinions, as defined by statute. VFW did not attach to its response to the Attorney General's plea the document of which it complains, but at the hearing on the plea and on appeal, VFW generally described a manual or booklet interpreting the penal code related to eight-liners. VFW also complains of the Attorney General's "Gambling Prosecution Unit," which gives legal advice to law enforcement authorities.

The Attorney General argues, and we agree, that the sharing of his interpretation of the law does not constitute "legal advice" as used in the statute. "Legal advice" is generally considered advice given by a lawyer to a client in the course of an attorney-client relationship; communications associated with the giving of such advice are confidential and protected from disclosure. *See Dewitt & Rearick, Inc. v. Ferguson*, 699 S.W.2d 692, 693 (Tex. App.—El Paso 1985, no writ) (quoting Ray, 1 *Texas Law of Evidence* § 421 (3d ed. 1980)) ("Where legal advice of any kind is sought from a professional legal adviser in his capacity as such, the communications relating to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal adviser . . . ."); Tex. R. Evid. 503 (communications between lawyer and client are confidential); *Black's Law Dictionary* 55 (7th ed. 1999) ("advice" defined as "[g]uidance offered by one person, esp. a lawyer, to another"; "advice of counsel" defined as "guidance given by lawyers to their clients"). VFW does not allege that the Attorney General was

5

acting as legal counselor to the law enforcement agencies with which he shared his interpretations. We do not believe that the Attorney General, the State's chief legal representative, is so constrained in the discussion of his legal interpretations as to only be permitted to share such interpretations in the context of an attorney-client relationship.

VFW attempts to characterize the Attorney General's legal interpretations of the law related to eight-liners and the means by which he shares those interpretations as opinions governed by the government code. The government code's provisions govern formal, written opinions issued by the Attorney General upon request to particular state officials. *See* Tex. Gov't Code Ann. §§ 402.041-.045. They do not apply to every policy determination developed by the Attorney General in the course of his duties as chief attorney for the State. To so hold would handicap the Attorney General in the performance of his duties, barring him from developing and pursuing legal interpretations in the majority of situations in which they could be helpful. Such a handicap could be stretched to bar him from giving speeches and perhaps even from sharing legal conclusions with his assistant attorneys general. The legal interpretations and materials of which VFW complains are not formal, written opinions governed by the government code's opinion provisions, but are actions within the Attorney General's broad constitutional powers and not subject to a suit for declaratory and injunctive relief. VFW may not sustain a declaratory judgment action merely because it dislikes the way the Attorney General runs his office or one of his policy determinations.

VFW also contends that the Attorney General's legal determinations amount to illegally promulgated "rules." We disagree. Not every opinion expressed by a State official or agency is a "rule" requiring rule-making procedures and authority. *See Texas Educ. Agency v. Leeper*, 893

6

S.W.2d 432, 443 (Tex. 1994); *Brinkley v. Texas Lottery Comm'n*, 986 S.W.2d 764, 769 (Tex. App.—Austin 1999, no pet.). Letters, guidelines, and reports can contain statements or interpretations of law, policy, or procedure, but are not necessarily considered rules. *Brinkley*, 986 S.W.2d at 769 (letters from Commission to bingo parlors containing "advisory guidelines" related to eight-liners were not rules); *compare Leeper*, 893 S.W.2d at 443 (agency resolution recommending guidelines to school districts were not rules), *with Texas Alcoholic Beverage Comm'n v. Amusement & Music Operators of Tex., Inc.*, 997 S.W.2d 651, 660 (Tex. App.—Austin 1999, pet. dism'd w.o.j.) ("*AMOT*") (letters "imposing binding instructions" on agency's law enforcement agents on meaning of statute were rules). The materials of which VFW complains consist of manuals or booklets prepared by the Attorney General that contain his legal determinations related to eight-liners; they are distributed to law enforcement authorities and others as part of educational programs or legal education courses. VFW has not alleged that they are directives issued to law enforcement agents under the Attorney General's control. These materials more closely resemble the letters sent in *Brinkley* than the directives discussed in *AMOT*. The materials and statements of interpretation by the Attorney General are not rules requiring rule-making authority and procedures. The trial court properly dismissed VFW's complaints of improper rule-making.

Finally, VFW contends that the trial court erred in failing to conduct an evidentiary hearing on the Attorney General's plea, instead dismissing the suit after argument and a review of the pleadings. *See Blue*, 34 S.W.3d at 555 (trial court should consider evidence when necessary to determine whether court lacks jurisdiction). First, we note that *Blue* does not require an evidentiary *hearing*, but instead directs trial courts, when necessary, to *consider* evidence produced by the parties;

7

VFW did not attach evidence to its response to the Attorney General's plea.[3] *See id.* Second, we do not believe an evidentiary hearing would have changed the trial court's conclusions. As discussed above, VFW's pleadings attack actions that are constitutionally and statutorily authorized and the materials complained of are not rules or opinions. VFW states that it would have shown that the Attorney General has a unit devoted to gambling prosecutions and gambling machines and would have presented evidence about the manual in question. However, such evidence would not change the fact that, as a matter of law, the Attorney General is not acting outside the scope of his legal authority. The trial court did not err in refusing to conduct an evidentiary hearing.

**Conclusion**

In summary, how the Attorney General makes his legal determinations and runs his office are not subject to declaratory and injunctive relief. As a constitutionally elected official, the Attorney General enjoys broad powers and is entrusted to develop legal interpretations and represent the State. Whether his interpretation of this penal statute is correct is not a proper subject for declaratory judgment. The sharing of a legal interpretation in meetings, conferences, or other

---

[3] VFW also contends that it "repeatedly offered to put on evidence to support its pleadings" but that the trial court "did not allow the presentation of any evidence from either party." A review of the record does not reflect that such a clear-cut offer and refusal occurred. At the hearing, VFW stated that it would offer evidence, and the trial court responded, "No, but in the cases y'all have given me, there is a memo or —," at which point VFW went on with its argument and stated that it would "offer into evidence, if I can find it," the manual published by the Attorney General. Later, VFW stated, "We are again kind of premature in the due course of things, because we will introduce evidence from a representative of the Attorney General," but never actually moved to introduce such evidence. Finally, VFW stated, "[T]hat will be exactly the proof," again not moving to introduce evidence. Although VFW referred to proof, the record does not indicate that VFW explicitly moved to introduce evidence or that the trial court refused to accept such proof.

educational seminars does not amount to a formal opinion or "legal advice." Nor do the manuals or verbal interpretations amount to "rules." The trial court did not err in granting the Attorney General's plea to the jurisdiction and dismissing VFW's suit. We affirm the trial court's order of dismissal.

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   July 24, 2003

9