**Leo ITZ, Appellant,**

v.

**Richard KUNZ, d/b/a K & M Produce,
Appellee.**

No. 15338.

Court of Civil Appeals of Texas,
San Antonio.

June 5, 1974.

Gloria T. Svanas, Odessa, for appellant.

Richard Hoerster, Fredericksburg, for appellee.

PER CURIAM.

Appellant has perfected his appeal from an order granting in part his motion under Rule 167, Texas Rules of Civil Procedure, for appellee to produce and permit the inspection and copying or photographing of certain documents and papers. Appellant's suit for breach of implied warranty has not been tried and remains on the docket of the district court. We are met at the threshold by the question of whether we have jurisdiction to consider an appeal from this interlocutory order.

■ Texas courts have steadfastly adhered to the rule, with certain exceptions not applicable here, that an appeal may be prosecuted only from a final judgment. North East Independent School District v. Aldridge, 400 S.W.2d 893 (Tex.1966); Laurie v. Stabel, 482 S.W.2d 652 (Tex. Civ.App.—Amarillo 1972, no writ); Hatten v. City of Houston, 373 S.W.2d 525, 534 (Tex.Civ.App.—Houston 1963, writ ref'd n. r. e.); Knox v. Long, 228 S.W.2d 367 (Tex.Civ.App.—Texarkana 1950, writ ref'd); Appellate Procedure in Texas, Section 2.5(1).

There is nothing in Rule 167, as amended in 1972, which would authorize a direct appeal. However, appellant is not without a remedy. See Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434 (1959).

■ We do not have jurisdiction to consider at this time an appeal from this interlocutory order. The appeal is dismissed for want of jurisdiction.