**J. Lynn JONES, Appellant,**

v.

**Richard D. LATHAM, Securities Commissioner of Texas, Appellee.**

No. 11–83–260–CV.

Court of Appeals of Texas,
Eastland.

April 19, 1984.

Rehearing Denied May 17, 1984.

David N. Reed, Davis, Meadows, Owens, Collier & Zachry, Dallas, William Ed. Fulbright, Cayton, Gresham & Fulbright, Lamesa, for appellant.

Margaret S. McGloin, Deborah H. Loomis, Asst. Atty. Gen., Austin, for appellee.

DICKENSON, Justice.

The District Court entered its final order on September 22, 1983, requiring J. Lynn Jones to produce for inspection and copying certain books, records and papers pursuant to an administrative subpoena issued by Richard D. Latham, Securities Commissioner of Texas. Jones appeals. We affirm the trial court's order.

The Commissioner was represented by the Attorney General of Texas in making application to the District Court for enforcement of his administrative subpoena pursuant to Sections 3 and 28 of the Securities Act.[1] Jones then moved to quash the subpoena, urging that he had a federally protected privilege against self-incrimination.[2] After an evidentiary hearing the District Court found that the Commissioner was entitled to an order requiring Jones to comply with the administrative subpoena.

■ Jones has briefed five points of error. First, he argues that the trial court erred "because the records required to be produced by the appellee's subpoena are privileged under the Fifth Amendment to the United States Constitution." This ground is overruled. The Supreme Court of the United States has held that the contents of business records are not privileged. *United States v. Doe*, —— U.S. —— at ——, 104 S.Ct. 1237 at 1239, 79 L.Ed.2d 552 (1984);[3] *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); *Bellis v. United States*, 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974).

■ In points two and three, Jones argues that there was no evidence and insufficient evidence to support the trial

1. TEX.REV.CIV.STAT.ANN. art. 581-3 (Vernon 1964) imposes a duty upon the Securities Commissioner and the Attorney General to see that the Securities Act is "at all times obeyed and to take such measures and to make such investigations as will prevent or detect the violation of any provision thereof."

   TEX.REV.CIV.STAT.ANN. art. 581-28 (Vernon Supp.1984) authorizes the Commissioner to "require by subpoena or summons issued by the Commissioner, the attendance and testimony of witnesses and the production of any books, accounts, records, papers and correspondence or other records or indices showing the names and addresses of the stockholders ..., relating to any matter which the Commissioner has authority by this act to consider or investigate .... In case of disobedience of any subpoena, or of the contumacy of any witness appearing before the Commissioner, the Commissioner may invoke the aid of the District Court within whose jurisdiction any witness may be found, and *such court may thereupon issue an order requiring the person subpoenaed to obey the subpoena or give evidence, or produce books, accounts, records,*

*papers and correspondence touching the matter in question.* Any failure to obey such order of the court may be punished by such court as contempt thereof...." (Emphasis added)

2. The Fifth Amendment to the Constitution of the United States provides in pertinent part that: "No person shall ... be compelled in any criminal case to be a witness against himself...." This amendment has been interpreted to grant a privilege against self-incrimination in matters which might result in criminal proceedings against the witness, and it is binding upon the state courts under the Fourteenth Amendment to the Constitution of the United States. See *Ex parte Butler*, 522 S.W.2d 196 (Tex.1975).

3. While *Doe* holds that the "act of producing the documents" may be privileged even though the contents of the document are not protected by the Fifth Amendment, footnote 3 of the majority opinion makes it clear that *Doe* "concerns only business documents and records not required by law to be kept or disclosed to a public agency."

**614**

court's finding that without its enforcement order "the Securities Commissioner will not be able to perform his duties as required by the Texas Securities Act." While there is no evidence to support this finding, and we sustain points two and three, the finding is immaterial and may be disregarded. See Section 28 of the Securities Act, supra. Moreover, the record clearly shows that Jones agreed to maintain the records required by the Securities Commissioner "and make them available for inspection of the Commissioner or his representative." That agreement was signed by Jones on February 16, 1978, in connection with his "Application for License as an Individual Securities Dealer in Oil and Gas Interests Only." It would not be proper for a Court to require the Commissioner to prove that he "will not be able to perform his duties" without the subpoena before ordering production of the records. Under Texas law the Commissioner is entitled to inspect and copy the records of his dealers in order to "prevent or detect the violation" of the Texas Securities Act. See Section 3 of the Act, supra.

▮ Finally, Jones challenges the trial court's finding that "the securities investigation is justified," arguing that there is no evidence (Point 4) and insufficient evidence (Point 5) to sustain this finding. These points are overruled. The record shows that Jones d/b/a Union Exploration was registered as a dealer by the Securities Commissioner; that several of his employees were registered as securities salesmen under his dealership; and that no securities issued by Union Exploration have ever been registered by Qualification, Notification, or Coordination and ˌthat no permit has ever been granted for the sale of its securities in the State of Texas. One of Jones' former salesmen testified at the hearing that he worked for Jones and sold interests in oil and gas drilling ventures.

There is sufficient evidence [4] to authorize the Securities Commissioner to make an investigation to ascertain whether these unregistered sales were exempt under section five of the Act.[5] Unless the exemption applies, Jones and his employees were in violation of the Securities Act by selling unregistered oil and gas interests. See TEX.REV.CIV.STAT.ANN. art. 581–7 (Vernon Supp.1984). The burden of proof as to whether the exemption is applicable is not on the Commissioner. That burden was on Jones "to prove the facts which would exclude him from the operation of the Act." *Brown v. Cole*, 155 Tex. 624, 291 S.W.2d 704 at 711 (1956).

The order of the trial court is affirmed.

---

**4.** We have reviewed and considered all of the evidence in compliance with the rule stated by *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

**5.** TEX.REV.CIV.STAT.ANN. art. 581–5 (Vernon Supp.1984) exempts sales without public solicitation so long as the total number of security holders of the issuer does not exceed 35 persons.