**Walter S. BIERNAT, Jr., Relator,**

v.

**Honorable William R. POWELL, Judge of the 80th District Court of Harris County, Texas, Respondent.**

No. 01–88–00610–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 25, 1988.

Leta J. Moeller, Houston, for relator.

Joanne M. Vorpahl, Thomas Sulton, Houston, for respondent.

Before JACK SMITH, SAM BASS and DUNN, JJ.

## ORIGINAL PROCEEDING ON PETITION FOR WRIT OF MANDAMUS

JACK SMITH, Justice.

Relator, Walter S. Biernat, Jr., asks this Court to order respondent, the Honorable William R. Powell, Judge of the 80th District Court of Harris County, Texas, to vacate his order of May 13, 1988, which denied relator's request for production of bank documents.

This Court granted relator's motion for leave to file a petition for writ of mandamus on July 13, 1988. The real party in interest, Katy National Bank, has since filed a response to the petition for writ of mandamus, and relator has filed a memorandum of authorities in support of a writ of mandamus. Respondent also has forwarded a letter from the depositor, who has objected to the production of his bank records.

This discovery mandamus involves the production of bank records of a non-party depositor. This production is governed by Tex.Rev.Civ.Stat.Ann. art. 342–705 (Vernon Supp.1988), which provides, in pertinent part,

Section 1. ... [N]either shall any bank be required to disclose or produce to third parties, or permit third parties to examine the amount deposited by any depositor or records of accounts or other bank records except ... (ii) where the bank itself is a proper or necessary party to a proceeding in a court of competent jurisdiction ...

Sec. 2. Unless ordered otherwise by a court of competent jurisdiction, before disclosure, production, or examination may be required under Section 1 of this article, the agency, body, or party issuing or obtaining the order, subpoena, or request for the disclosure, examination, or production of records of deposits or accounts and other bank records shall (1) give notice of such order, subpoena, or request to the depositor or bank customer in the manner provided by Rule 21a, Texas Rules of Civil Procedure, at least 10 days preceding the date which compliance with the order, subpoena, or request is required, and (2) certify to the bank (at the time the order, subpoena, or request is served or been delivered to the bank) that the depositor or bank customer has been served with or has been mailed a copy of the order, subpoena, or request as required herein ... The bank may notify its customer or depositor (unless ordered otherwise by a court of competent jurisdiction) of its receipt of any subpoena, order, or request for production.

Sec. 3. Each customer or depositor to whom notice of an order, subpoena, or request for disclosure, examination, or production of records of deposits or accounts or other bank records may, prior to the date specified therein for disclosure, examination, or production, file in an appropriate district court of the State of Texas a motion to quash the order, subpoena, or request or for protective order and shall make personal service of such motion on the party, agency, or body issuing or obtaining such order, subpoena, or request and on the bank prior to the date for disclosure, examination, or production. Any motion to quash or for protection shall be verified. Failure to file and serve such motion to quash or for protection shall constitute consent for all purposes to disclosure, production, or examination made pursuant to this article.

Relator sought the production of the bank records of Bob Williamson. Relator filed a request for production and, pursuant to article 342–705, gave notice of the request to the depositor. Relator, then, pursuant to article 342–705, gave notice to the Bank that it had mailed a copy of the request to Williamson.

Williamson did not file a motion to quash the request or for a protective order, as required by article 342–705, sec. 3. Williamson, however, did mail a letter to both relator's counsel and Bank's counsel expressing his desire that his bank records remain "private." Williamson stated that he intended his letter "serve as proper notice that no records should be released without my personal authorization."

 Williamson's letter cannot be treated as compliance with article 342–705. It was not a motion to quash nor a motion for protective order. Even if it was liberally construed as such, it was not verified pursuant to article 342–705. Therefore, according to article 342–705, Williamson's "failure to file and serve such motion to quash or for protection" constituted "consent for all purposes to disclosure, production, or examination."

Although Williamson did not comply strictly with article 342–705, the Bank, upon receipt of Williamson's letter, sought, by motion, respondent's "determination" of the bank's "responsibility to produce certain documents." The Bank's motion was obviously filed due to an abundance of caution. The motion conceded that the Bank was not "adverse to production of the requested bank records" and further stated that it filed the motion "solely in an effort to avoid any liability to Williamson in the face of his March 30, 1988 letter." Respondent ordered the Bank not to produce Williamson's bank records.

 Relator complied with the requirements of article 342–705: he sent notice to the depositor Williamson and notified the bank in writing that he had served such notice. Williamson waived objection to the production of the documents when he failed to file a motion to quash or motion for protection. Because relator complied with the statute, he was entitled to the production of the bank records. Article 342–705 is unambiguous and left no discretion with respondent. Based on the record before us, the respondent clearly erred when he ordered the Bank not to produce the records.

Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984). Here, there is no adequate remedy by appeal because, without the bank records, relator contends he will be unable to prove his case. Relator is entitled to mandamus relief.

The writ of mandamus is conditionally granted. We are confident that respondent will abide by our decision and vacate his order of May 13, 1988. A writ of mandamus will only issue if he refuses to do so.