**John Henry PELT, et al., Appellants,**

v.

**The STATE BOARD OF INSURANCE, Appellee.**

No. 3–89–065–CV.

Court of Appeals of Texas, Austin.

Dec. 19, 1990.

Concurring Opinion of Justice Powers Jan. 9, 1991.

Joseph C. Deming, DeLeon, Boggins & Richards, Austin, for appellants.

Jim Mattox, Atty. Gen., Anna E. Gonzales, Asst. Atty. Gen., Finance Div., Austin, for appellee.

Before POWERS, CARROLL and ABOUSSIE, JJ.

ABOUSSIE, Justice.

This appeal arises from a district court order rendered in connection with an administrative proceeding pending before the Texas Commissioner of Insurance. Appellee served a subpoena duces tecum on the president of a non-party bank directing him to appear and produce documents at a hearing involving appellants. Appellants then filed a motion in the district court seeking to quash the subpoena. Tex.Rev.Civ.Stat. Ann. art. 342–705, § 3 (Supp.1991). After a hearing, the court overruled appellants' motion, and they now seek to appeal the trial court's order denying the motion to quash. At the outset, we must determine whether the order challenged is a final judgment reviewable by appeal. All of the parties apparently consider it so, although no one directs us to the basis authorizing an appeal. We conclude, however, that the order is not subject to appeal and dismiss the appeal for want of jurisdiction.

Appellants are the respondents in an administrative proceeding pending before the Commissioner of Insurance in which the agency is considering possible disciplinary action against them. Appellants received notice that the Insurance Board had requested issuance of a subpoena and subpoena duces tecum to Harold Blake, President of Redbird Bank of Dallas, pursuant to the Administrative Procedure and Texas Register Act (APTRA), Tex.Rev.Civ.Stat. Ann. art. 6252–13a, § 14(c) (Supp.1991). In response to the request, the Insurance Commissioner issued the subpoena, and Blake was ordered to appear at a disciplinary hearing March 13, 1989, and to produce the following documents:

> Monthly transaction statements, or any kind or type of summary of transactions evidencing deposits, withdrawals, wire transfers from the demand deposit accounts, savings accounts, and trust accounts; and records evidencing certificates of deposits, letters of credit, or indebtedness for accounts in the name of Aztec, Aztec General Agency, Aztec Surplus Lines Agency, Aztec Insurance Agency or American Surety Company, John Henry Pelt or John Kyle Pelt from October of 1986 through and including January 1989.

Neither Blake nor the bank challenged or resisted the subpoena, and they are not parties to this appeal.

Pursuant to art. 342–705, § 3 of the Texas Banking Code, appellants filed in the district court a pleading entitled Motion to Quash Subpoena Duces Tecum challenging the authority of the State Board of Insurance to obtain disclosure of the requested bank records. The original motion was not verified as required, but a verified amended motion was filed before the date ordered for production. In turn, appellee filed a response to the motion and an application to enforce the subpoena. After a hearing, the district court signed an order stating only that, "the Court considered [appellants'] Motion to Quash ..., and the Court is of the opinion that said motion should be denied." Appellants seek to appeal this order. The trial court did not order any party, the bank or Blake to take any action and did not compel discovery or production. Indeed, the trial court did not rule upon appellee's request for enforcement, except by implication, although the result was to leave the subpoena in effect.

We are required to determine this Court's jurisdiction to decide the appeal, even when the issue is not raised by a

party. *Zoning Bd. of Adjustment v. Graham & Assoc., Inc.,* 664 S.W.2d 430, 433 (Tex.App.1983, no writ); *City of Beaumont v. West,* 484 S.W.2d 789, 791 (Tex. Civ.App.1972, writ ref'd n.r.e.); *Gibbs v. Melton,* 354 S.W.2d 426, 428 (Tex.Civ.App. 1962, no writ); *Newton v. Barnes,* 150 S.W.2d 72 (Tex.Civ.App.1941, writ ref'd). This Court has jurisdiction over "all cases of which the district courts or county courts have original or appellate jurisdiction...." Tex. Const.Ann. art. V, § 6 (Supp.1991). A necessary prerequisite to invoking the jurisdiction of the court of appeals is that, in the absence of a statute to the contrary, the appeal must be from a final, appealable judgment. *Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex.1985); *North East Indep. School Dist. v. Aldridge,* 400 S.W.2d 893 (Tex.1966); *Tingley v. Northwestern Nat'l Ins. Co.,* 712 S.W.2d 649, 650 (Tex.App.1986, no writ); Tex.Civ. Prac. & Rem.Code Ann. § 51.012 (1986). Thus, we have no jurisdiction over an appeal from a trial court's interlocutory ruling unless such order is specifically made appealable by statute. *Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985); *Henderson v. Shell Oil Co.,* 143 Tex. 142, 182 S.W.2d 994, 995 (1944); *Grant v. Austin Bridge Const. Co.,* 725 S.W.2d 366, 368 (Tex.App.1987, no writ). *See* Tex.Civ.Prac. & Rem.Code Ann. § 51.014 (Supp.1991).

■ An appellant should be accorded a reasonable and liberal interpretation of the rules and requirements of appellate review. *Salvaggio v. Brazos County Water Control & Improvement Dist. No. 1,* 598 S.W.2d 227, 229 (Tex.1980). Notwithstanding the rule favoring appealability, however, we are unable to conclude that this appeal is from a final judgment subject to appeal at this time. In essence, the appeal is from an order relating to a discovery dispute between the board and appellants. Trial courts routinely rule upon discovery matters during the course of litigation. Indeed, a court may entertain an action filed for the sole purpose of obtaining discovery or preserving evidence. *See* Tex.R.Civ.P. Ann. 166b, 167, 187, 215a, 621a, 737 (1976 & 1990 Supp.). A discovery order generally is interlocutory in nature and not immediately appealable as a final judgment. If the information sought to be divulged is not discoverable, the order can be set aside on writ of mandamus. McElroy, 26 Texas Practice, Civil Pre-Trial Procedure, § 1528 (1985). In one context, courts have described discovery orders as follows:

> There are two types of discovery. One is made in aid of a pending suit and is sometimes referred to as a pure bill of discovery. Such an order is interlocutory in nature and is not appealable. The other type is in aid of a final judgment. It is a separate suit and is often referred to as a suit in the nature of a bill of discovery. This type of order is itself a final judgment and is appealable.

*South Falls Corp. v. Davenport,* 368 S.W.2d 695, 696–97 (Tex.Civ.App.1963, no writ) (and citations therein.)

APTRA § 14(c) grants administrative agencies authority to issue subpoenas to require attendance of witnesses and production of information. Section 14(n) provides that, in the event of failure to comply, the agency or party requesting discovery may bring suit to enforce the agency subpoena in district court. Failure to obey the trial court's enforcement order is punishable by contempt.

■ The Insurance Code grants the commissioner and board statewide subpoena power to compel attendance of witnesses and production of information. Tex.Ins. Code Ann. 1.19–1(a) (Supp.1991). In the event of disobedience, the commissioner or board may invoke the aid of a district court, and the court may issue an order requiring obedience to the subpoena and compelling production in accordance therewith. Failure to obey the court's order is punishable by contempt. Tex.Ins.Code Ann. 1.19–1(c) (Supp.1991).

■ Under article 342–705, § 1 of the Banking Code, a financial institution cannot be required to produce a customer's records, except as therein provided, although it is not forbidden from doing so voluntarily. Nicewander, *Financial Record Privacy—What Are and What Should Be the Rights of the Customer of*

*a Depository Institution*, 16 St. Mary's L.J. 601, 603 (1985). Section 3 provides that a depositor who seeks to resist that production may file in a district court a verified motion to quash the subpoena or seek a protective order. Tex.Rev.Civ.Stat. Ann. art. 342–705, § 3 (Supp.1991).

None of the above statutes expressly provide for a right of appeal from the district court order therein contemplated. Pursuant to these and other statutes, the district court regularly is called upon to rule upon discovery disputes before the many state administrative agencies, in light of the fact that an agency's interlocutory discovery orders generally are not appealable. APTRA § 19(a); Hamilton & Jewett, *The Administrative Procedure and Texas Register Act: Contested Cases and Judicial Review*, 54 Texas L.Rev. 285, 303 (1976). While a proceeding filed for this purpose in district court is an original action and not an appeal from an agency order, relief from the trial court is sought with respect to an agency's discovery ruling in connection with a matter ongoing in the agency.

It has long been held that a discovery order is interlocutory in nature and therefore non-appealable, in the absence of express statutory authority, until after final judgment may be rendered on the merits of the primary dispute. *Office Employees Int'l Union v. Southwestern Drug Corp.*, 391 S.W.2d 404, 407 (Tex.1965); *Southern Bag & Burlap Co. v. Boyd*, 120 Tex. 418, 38 S.W.2d 565, 569 (1931); *Texas Wheat Growers' Ass'n v. Gough*, 70 S.W.2d 818, 819 (Tex.Civ.App.1934, writ ref'd).

■ As a general rule, then, orders relating to discovery in aid of a pending or contemplated cause, even when filed in a separate action, are considered interlocutory and are not appealable except in connection with appeal upon final disposition of the main cause on the merits. *Equitable Trust Co. v. Jackson*, 101 S.W.2d 552, 553 (Tex.1937); *Warford v. Childers*, 642 S.W.2d 63, 65 (Tex.App.1982, no writ); *Itz v. Kunz*, 511 S.W.2d 77 (Tex.Civ.App. 1974, writ ref'd n.r.e.). This is in contrast to a postjudgment action on behalf of a judgment creditor seeking to discover assets; the information sought is an end in itself, and the order is final and appealable. *Dallas Joint Stock Land Bk. v. Rawlins*, 129 S.W.2d 485, 487 (Tex.Civ.App.1939, no writ) (opinion cited with approval in *Dallas Joint Stock Land Bank v. State*, 135 Tex. 25, 137 S.W.2d 993 (1940)).

■ Thus, if the trial court overruled a motion to quash a subpoena in connection with pending litigation, the order would not be a final judgment subject to separate appeal. We could only review the matter by appeal after final judgment on the merits. The question here is whether a trial court's ruling resolving a discovery dispute between adverse parties before an agency can be classified as a final, rather than an interlocutory, judgment. We hold that it is not.

■ The fact that the underlying matter is ongoing in an administrative agency rather than in a trial court does not transform the district court's order overruling the motion to quash into an appealable judgment. Although the relief sought from the district court may have been ruled upon, we cannot say that this ruling was a final, appealable judgment. Instead, it clearly was incident to a discovery dispute, albeit in an administrative proceeding. While appellants ultimately may obtain appellate review of the trial court's discovery order in the event the matter is further litigated, finally concluded and appealed, they are not now entitled to review the order by appeal. We note that the bank and its president did not bring this action and are not parties to this appeal. Here, the agency sought to obtain appellants' bank records, and the district court dispute in effect is between adverse parties—the agency seeking discovery and the appellants resisting the same. This is distinguishable from the situation where a court entertains an action in equity against a disinterested party for the limited purpose of discovering the names of persons against whom an action may be maintainable. Such an action is an end in itself, and an order requiring the party to produce the names is in effect a mandatory injunction

that is appealable. *Dallas Joint Stock Land Bank*, 137 S.W.2d at 996; *Rawlins*, 129 S.W.2d at 486.

■ Similarly, a Rule 187 proceeding to perpetuate testimony is deemed brought in aid of and ancillary to an anticipated suit. Thus, an order granting the right to take depositions pursuant to this rule is not equivalent to a mandatory injunction but instead is interlocutory and, in the absence of express authority, not appealable. *Dallas Joint Stock Land Bank*, therefore, does not apply, the trial court order is not final and appealable, and an appeal must be dismissed. *Office Employees Int'l Union Local 277 v. Southwestern Drug Corp.*, 391 S.W.2d 404, 407 (Tex.1965); *Henderson v. Shell*, 182 S.W.2d at 994.

As this Court recognized in *Pub. Util. Comm'n v. Houston Lighting & Power Co.*, 778 S.W.2d 195, 197–98 (Tex.App.1989, no writ), with respect to the agency's discovery ruling there in dispute, "[n]otwithstanding equitable relief, the law provides no means to facilitate the review of an interlocutory discovery ruling" governing parties appearing before the Commission. We held, therefore, that temporary injunctive relief was available in the declaratory judgment proceeding which had been filed for the purpose of determining whether the information the agency had ordered produced was protected by the attorney-client privilege. Otherwise, the party resisting discovery had no adequate remedy at law because the order was not appealable until "judicial review of the entire case now pending" before the agency.

■ We agree that the matter before us is similar to a Rule 737 bill of discovery. As a general rule, a bill of discovery is a proceeding brought by a party against an adversary party, for the purpose of discovering information within the knowledge or possession of the adversary, to be used either offensively or defensively in a pending or contemplated action. *Rawlins*, 129 S.W.2d at 486–87; *Equitable Trust Co.*, 101 S.W.2d at 553; Tex.R.Civ.P.Ann. 737 (1967). Such a discovery action can be brought in a pending cause or in a separate action but, in either event, the discovery sought is incident to and in aid of a pending or contemplated suit and is not an end in itself. *Rawlins*, 129 S.W.2d at 486.

■ An order requiring an adversary to answer or produce information in aid of a pending case is necessarily interlocutory and not immediately appealable in the absence of statutory authority to the contrary but is reviewable on appeal of the final judgment in the pending cause. *Rawlins*, 129 S.W.2d at 486; *Equitable Trust Co.*, 101 S.W.2d at 553; *Texas Wheat Growers*, 70 S.W.2d at 820. Likewise, a discovery order in aid of a contemplated suit necessarily becomes part of that main suit, if and when filed, and thereafter is reviewable after final judgment in the suit in aid of which the discovery was sought. *Rawlins*, 129 S.W.2d at 487. The order granting or denying relief is clearly interlocutory from which no appeal can be taken. If the trial court has abused its discretion, mandamus will lie to correct the error. *Texas Wheat Growers*, 70 S.W.2d at 819–20.

■ On the other hand, a bill of discovery can be brought against a person or entity unrelated to the primary dispute, but having information needed by a litigant, for the sole purpose of obtaining the names of persons against whom a cause of action is maintainable and is contemplated. The trial court in the exercise of its equity power can order that information produced and, as to that defendant, its discovery order is final and subject to an immediate, separate appeal. *Rawlins*, 129 S.W.2d at 486. As concerns that defendant from whom the information is sought, the order is not deemed incidental to the contemplated suit but instead is in the nature of a mandatory injunction. *Dallas Joint Stock Land Bank*, 137 S.W.2d at 996. Similarly, a discovery suit brought after final judgment by a judgment creditor for the purpose of discovering assets belonging to the judgment debtor upon which to levy in order to enforce the judgment is not incidental to any other proceeding and is final and appealable. In either instance, the discovery sought is an end in itself and not merely incident to either a pending or con-

templated suit. *Rawlins*, 129 S.W.2d at 487; Rule 621a.

■■■■ It is well-settled that where an action is created by statute, the statutory provisions are mandatory and exclusive and must be complied with in all respects or the action is not maintainable due to lack of jurisdiction. *Grounds v. Tolar Indep. School Dist.*, 707 S.W.2d 889, 891 (Tex. 1986). Subject-matter jurisdiction is established by operation of law through the constitutional and statutory provisions that enumerate the types of cases that a court may entertain. *Federal Underwriters Exch. v. Pugh*, 141 Tex. 539, 174 S.W.2d 598, 600 (1943); *Ex parte Bowers*, 671 S.W.2d 931, 935 (Tex.App.1984, orig. proceeding). No right of appeal from the district court's order is provided by the applicable statutes or rules.

■■■■ Application of the rule, however, does not leave a party without any means of immediate relief. As earlier noted, mandamus may issue to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy at law. *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639 (Tex.1986). If a party can show that the trial court abused its discretion and that the party has no adequate remedy by appeal, the party may seek relief by petition for writ of mandamus. *Jampole v. Touchy*, 673 S.W.2d 569, 572 (Tex.1984). Mandamus is available to remedy an abuse of discretion in granting or denying discovery. *Sutherland v. Moore*, 716 S.W.2d 119, 120 (Tex.App.1986, no writ). If the trial court improperly overrules a motion to quash that it was required to sustain, or otherwise directs production of undiscoverable information, mandamus will issue to correct the error and set aside the order. *Commercial Travelers Life Ins. Co. v. Spears*, 484 S.W.2d 577, 578 (Tex.1972); *Russell v. Young*, 452 S.W.2d 434 (Tex. 1970). Thus, while an aggrieved party may

not be entitled to appeal, he may be entitled to seek relief from the trial court's order by other means.[1] *See PUC v. HLP*, 778 S.W.2d at 197; *Biernat v. Powell*, 757 S.W.2d 115, 117 (Tex.App.1988, orig. proceeding). *See also Morris v. Hoerster*, 368 S.W.2d 639 (Tex.Civ.App.), writ ref'd n.r.e., 370 S.W.2d 451 (Tex.1963), cert. denied, 376 U.S. 919, 84 S.Ct. 676, 11 L.Ed.2d 614 (1964). Otherwise, the trial court's discretionary ruling on discovery should stand undisturbed as it would during the course of litigation.[2] We render no opinion on whether mandamus would issue here.

Appellee argues on the merits that the State Board of Insurance is a "court of competent jurisdiction" within the meaning of art. 342–705. Without deciding the issue, the argument points out that an administrative proceeding is pending and serves to emphasize that the trial court's order can only be interlocutory in nature.

We are aware that other courts have decided appeals from district court orders under similar circumstances. *See Sinclair v. Savings & Loan Comm'r*, 696 S.W.2d 142 (Tex.App.1985, writ ref'd n.r.e.); *Jones v. Latham*, 671 S.W.2d 612 (Tex.App.1984, writ ref'd n.r.e.). We are unaware, however, of a case in which the issue of jurisdiction has been considered.

Because we are without jurisdiction, we will dismiss the appeal.

POWERS, J., concurs.

POWERS, Justice, concurring.

The majority properly conclude that we have no jurisdiction, for want of a final judgment in the district court, but they do so for reasons that are wrong in my opinion and sure to embarrass the further progress of the present case and the adjudication of future cases involving subpoenas issued by state administrative agen-

---

1. We note also that a party might obtain review of the order after being adjudged in contempt because in a habeas corpus proceeding a party may obtain review of the underlying discovery order violated. *Ex parte Butler*, 522 S.W.2d 196 (Tex.1975).

2. The alternative arguably would result in a flood of appeals from district court rulings rendered in aid and enforcement of discovery matters before agencies.

cies. I therefore give my own views in this concurring opinion.

## THE CONTROVERSY

In a contested case brought against licenses held by John Henry Pelt and others, the legal services division of the State Board of Insurance requested that the Commissioner of Insurance issue a subpoena duces tecum, commanding the president of Pelt's bank in Dallas to appear and produce at a scheduled agency hearing the bank's records of its transactions with Pelt.[1] In justification, the request claimed "good cause" as follows: Pelt was "the subject" of the contested case, wherein it was alleged among other things that he had misappropriated, converted, "or otherwise illegally withheld funds belonging to insureds"; and the president of the bank was "the custodian of certain records" and had "personal information" pertinent to the case which supported the allegations made therein. The Commissioner issued the subpoena as requested.

Pelt, having received notice of the subpoena, sued in district court in the present case to quash the subpoena. He averred that his suit "arises under" Tex.Rev.Civ. Stat.Ann. art. 342–705, § 3 (Supp.1991), and that the subpoena should be quashed because: (1) that statute did not authorize administrative-agency subpoenas commanding the production of bank records; (2) the Commissioner was not authorized by law to issue subpoenas effective more than 100 miles from Austin; and (3) the subpoena was not legally enforceable except by a court order obtained under § 14(n) of Tex. Rev.Civ.Stat.Ann. art. 6252–13a (Supp. 1991), the Texas Administrative Procedure and Texas Register Act (APTRA).

The Board appeared in the lawsuit and filed two pleadings. In its first pleading, the Board averred: (1) the Commissioner's subpoena was within the scope of art. 342–705 because the Board was a "court of competent jurisdiction" within the meaning of that term as used in that statute; and (2) the Commissioner's subpoena power was "statewide," or not limited to a radius of 100 miles from Austin. Upon these allegations, the Board prayed that the district court deny Pelt's motion to quash.

The Board filed afterwards a second pleading in the cause—an "Application to Enforce Subpoena Issued by the Commissioner of the Texas State Board of Insurance." The Board alleged that the subpoena had been issued under authority of APTRA § 14(c) and that APTRA § 14(n) authorized the attorney general to sue on behalf of the Board to enforce the subpoena. Accordingly, the Board prayed for the relief authorized in APTRA § 14(n)—that the district court issue its order commanding the bank president to appear and produce the records described in the subpoena.

On March 13, 1989, the district court signed an order denying Pelt relief on his cause of action to quash the subpoena. Pelt has appealed to this Court from that order, contending it is erroneous in several respects.

The appellate record is silent, however, with regard to the Board's statutory cause of action, under APTRA § 14(n), praying that the district court enforce by its order the Board's subpoena. Nothing in the record indicates that the Board's suit was called for a hearing, that the district court made a final decision whether to enforce the subpoena, or that the court severed the Board's action to enforce the subpoena from Pelt's action to quash it.

---

1. There are other parties in the contested case in the agency, and other appellants in this court. For convenience, however, I refer only to Pelt.

A "contested case" is defined in § 3(2) of Tex. Rev.Civ.Stat.Ann. art. 6252–13a (Supp.1991), the Texas Administrative Procedure and Texas Register Act (APTRA):

"Contested Case" means a proceeding, including but not restricted to ratemaking and licensing, in which the legal rights, duties, or privileges of a party are to be determined by

an agency after an opportunity for adjudicative hearing.

The statute nicknamed "APTRA" prescribes procedures governing contested-case adjudications by most state administrative agencies (§§ 13–18) and their judicial review (§ 19), as well as procedures applicable to the agencies' exercise of their rule-making powers (§§ 4–11) and a review of agency rules by suits for declaratory judgment as to the validity or applicability of such rules (§ 12).

## THE MAJORITY'S THEORY

It is well established that we have the power to review only the final judgments of trial courts except in those few instances in which the Legislature has by statute authorized us to review certain kinds of "interlocutory" orders issued by such courts. The majority conclude on the following syllogism that we have no jurisdiction in Pelt's appeal: (1) no statute provides for an interlocutory appeal from "discovery" orders; (2) the trial-court order denying Pelt's motion to quash is a "discovery" order; (3) therefore, no appeal lies from the order. Accordingly, the majority order the dismissal of Pelt's appeal, observing in a footnote that "[t]he alternative arguably would result in a flood of appeals from district court rulings rendered in aid and enforcement of discovery matters before agencies."

The syllogism is false in my opinion. I need not digress in that regard, however, because it is inapplicable even if taken as true. We have no appellate jurisdiction, but it is for reasons unrelated to the majority's theory as explained below.

## SUBPOENAS ISSUED UNDER ART. 342–705

Section 1 of art. 342–705 prescribes when and how a bank may be required to disclose its records pertaining to a customer's transactions with the bank.[2] The bank may not be required to disclose the records except in four circumstances: (1) the customer "to whom the information is to be disclosed is a proper or necessary party to a proceeding in a court of competent jurisdiction"; (2) the bank "itself is a proper or necessary party to a proceeding in a court of competent jurisdiction," and the customer consents to the disclosure; (3) a State "legislative investigating committee" subpoenas the records; or (4) the attorney general requests examination of the records under a statute found in the Texas Miscellaneous Corporation Laws Act. (None of these describe the circumstances of the present case, but that is immaterial for the reasons given below.)

Succeeding sections of art. 342–705 establish a procedure by which the bank can be required to produce the records in any of the four circumstances indicated above. The person desiring the records must obtain an order, subpoena, or request for the records and give prior notice thereof to the bank and to the customer (§ 2), but the order, subpoena, or request is not rendered "ineffective" if the customer fails to receive a copy of the notice (§ 5(b)). At any time before disclosure is required by the order, subpoena, or request, the customer may sue "in an appropriate district court" to quash the instrument, and unless he does so, he consents to the disclosure as a matter of law (§ 3).

Nothing in art. 342–705 suggests what might be the relevant issues of fact and law in the district court's decision whether to quash the order, subpoena, or request.

The text of art. 342–705 is, however, crystal clear on one point: the subpoenas contemplated by that statute are enforceable *as such*. The entire tenor and effect of art. 342–705 assumes a subpoena that carries its own justification and coercive force—unless and until it is quashed by a district court, disobedience of the subpoena may be punished by contempt as in the ordinary case of subpoenas issued by a court, Tex.R.Civ.P.Ann. 179 (1976), or by a legislative investigating committee, Tex. Gov't Code Ann. §§ 301.024–301.027 (1988). Because the Commissioner's subpoena in the present case emphatically is *not* of that character, art. 342–705 is *irrelevant* to the issue of our jurisdiction. Rather, we deal in this case with a subpoena of an entirely different character—a subpoena issued by an administrative officer of state government, in a contested case, under authority of APTRA § 14(c). It is a subpoena that is

---

**2.** In the text, I refer only to the second part of art. 342–705 § 1. The first part of § 1 deals with an entirely different matter—claims made to a bank deposit by a third party. Section 1 provides that in such cases the bank is not required to "recognize" the claim unless and until the bank receives citation or other appropriate process from a court of competent jurisdiction in connection with the third party's suit to establish an interest in the deposit. This first part of § 1 has nothing to do with the present litigation.

unenforceable unless and until a court orders its enforcement under APTRA § 14(n).

## ADMINISTRATIVE–AGENCY SUBPOENAS UNDER APTRA

In APTRA § 14(c), the Legislature empowered state administrative agencies to issue subpoenas and subpoenas duces tecum in aid of a contested case, on a showing of good cause and on the motion of a party or the agency itself.[3] It is undisputed here that the subpoena was issued in a contested case and under APTRA § 14(c).

In addition, the Legislature provided in APTRA § 14(n) for the *enforcement* of a subpoena issued by an agency in a contested case: the attorney general, in behalf of the agency, or the party obtaining the subpoena, must sue in a district court of Travis County or in a district court in which the agency hearing may be held, and obtain an order of the court requiring compliance with the subpoena, based upon an independent determination by the court "that good cause exists for the issuance of the subpoena," any disobedience *of the court's order* being punishable by the court as contempt.[4] The question of "good cause," which the court is required to determine, may raise any number of issues of fact and law: the extent of the agency's jurisdiction in the contested-case controversy; the scope of the agency's subpoena authority; whether the demand in the subpoena is authorized by law; whether any information demanded is relevant or privileged; whether the subpoena imposes an undue burden; whether the subpoena is sufficiently specific; and, of course, the methods of enforcement provided by statute. 1 Cooper, State Administrative Law, 295–311 (1965); *see, e.g., Sinclair v. Savings and Loan Commissioner of Texas,* 696 S.W.2d 142 (Tex. App.1985, writ ref'd n.r.e.).

In sum, APTRA § 14(n) provides the sole mechanism for the enforcement of subpoenas issued by State administrative agencies in contested cases—through a suit to establish good cause and to obtain a court order requiring compliance with the subpoena, the order and not the subpoena itself being enforceable through the court's contempt power. This mechanism of prior resort to a reviewing court has a constitutional origin: administrative-agency subpoenas are inherently intrusive, and in many instances may amount to constructive searches under the Fourth Amendment to the Constitution of the United States. *See v. City of Se-*

---

**3.** In APTRA § 14(c), the Legislature provided as follows:

> On its own motion or on the written request of any party to a contested case pending before it, on a showing of good cause, ... an agency shall issue a subpoena addressed to the sheriff or any constable to require the attendance of witnesses and the production of books, records, papers, or other objects as may be necessary and proper for the purposes of the proceedings.

The subpoena power given in APTRA § 14(c) does not, however, repeal by implication any statute delegating the subpoena power to an agency in connection with exercise of investigatory powers. APTRA § 22.

**4.** The text of APTRA § 14(n) provides as follows:

> In the case of failure of a person to comply with a subpoena ... issued under the authority of this Act, the agency issuing the subpoena ..., acting through the attorney general, or the party requesting the subpoena ..., may bring suit to enforce the subpoena ... in a district court, either in Travis County, or the county in which a hearing conducted by the agency issuing the subpoena ... may be held. The court, if it determines that good cause exists for the issuance of the subpoena ..., shall order compliance with the requirements of the subpoena.... Failure to obey the order of the court may be punished by the court as contempt.

It is worth observing here that the statute requires more than an averment of good cause by the party who seeks its enforcement:

> It is incumbent upon the issuer of a nonjudicial subpoena duces tecum to come forward with a factual basis which establishes the relevancy of the items sought to the subject matter of the investigation before an individual will be compelled to comply with the subpoena's mandate....

*McGrath v. State Board for Professional Medical Conduct,* 88 A.D.2d 906, 450 N.Y.S.2d 582, 583 (1982), *aff'd,* 59 N.Y.2d 35, 462 N.Y.S.2d 836, 449 N.E.2d 730 (1983); *see also Sinclair v. Sav. & Loan Com'r of Texas,* 696 S.W.2d 142 (Tex. App.1985, writ ref'd n.r.e.). The Board omitted here even to allege good cause in its "Application to Enforce Subpoena Issued by the Commissioner of the Texas State Board of Insurance."

*attle*, 387 U.S. 541, 545, 87 S.Ct. 1737, 1740, 18 L.Ed.2d 943 (1967); *Okla. Press Pub. Co. v. Walling*, 327 U.S. 186, 202–07, 66 S.Ct. 494, 502–04, 90 L.Ed. 614 (1946). The affected party must be able "to obtain judicial review of the reasonableness of the demand *prior to* suffering penalties for refusing to comply." *See*, 387 U.S. at 544–45, 87 S.Ct. at 1740 (emphasis added); *see also Donovan v. Lone Steer, Inc.*, 464 U.S. 408, 414–15, 104 S.Ct. 769, 772–73, 78 L.Ed.2d 567 (1984).[5]

The statutory cause of action authorized in APTRA § 14(n), to obtain judicial enforcement of a subpoena issued by an administrative agency in a contested case, implies an occasion, a power, and a scope of judicial review distinctly different and separate from that contemplated in APTRA § 19. There, the district courts of Travis County are given authority to review an agency's *final decision* in a contested case, in a suit brought by an aggrieved person claiming prejudice resulting from any of six possible errors of law, as these are set out in § 19(e), the court being empowered only to set aside the agency order and remand the case to the agency. In APTRA § 14(n), in contrast, the Legislature authorized a statutory cause of action for judicial *enforcement* of an agency's *interlocutory* decision to issue a subpoena in the course of a contested case then pending in the agency.

What then of the district court's decision in a suit brought under APTRA § 14(n) to enforce an agency subpoena—is the district-court decision reviewable on appeal to a court of appeals? That issue is not before us now because the district court, so far as our record reveals, has not yet adjudicated the Board's statutory cause of action to enforce its subpoena. But the reasoning of the majority necessarily forecloses appellate review in all such cases on a universal premise that all subpoenas fall into a general class of unappealable "discovery matters." Because of the inevitable effect of this form of reasoning on future cases, involving agency subpoenas, I must explain why district-court decisions under APTRA § 14(n) *are* reviewable by a court of appeals.

## WHETHER DISTRICT–COURT ORDERS UNDER APTRA § 14(n) ARE APPEALABLE

Under the statutory scheme applicable to the enforcement of agency subpoenas in contested cases, there is no express provision for an appeal of a district-court decision made under APTRA § 14(n). In this omission, the Texas statutory scheme is identical to that in the federal system dealing with the judicial enforcement of subpoenas issued by federal administrative agencies. And like our own system of appellate review, the jurisdiction of the federal courts of appeal is limited in the ordinary case to appeals from the "final decision" of a federal district court. 28 U.S.C.A. § 1291 (Supp.1990).

In 5 U.S.C.A. § 555(d) (1977), Congress empowered federal administrative agencies to issue subpoenas "authorized by law ... on request" or, when required by rules of procedure, "on a statement or showing of general relevance and reasonable scope of the evidence sought." Concerning the judicial enforcement of such subpoenas, the statute declares as follows:

> On contest, the court shall sustain the subpena [sic] ... to the extent that it is found to be in accordance with law. In a proceeding for enforcement, the court shall issue an order requiring the appearance of the witness or the production of the evidence ... within a reasonable time under penalty of punishment for contempt in case of contumacious failure to comply.

In substance, the federal and state statutory schemes for the judicial enforcement of agency subpoenas are identical, and neither scheme provides expressly for an ap-

---

**5.** This is not to imply that the Fourth Amendment is necessarily implicated in the present case; indeed, bank records may not give rise to an expectation of privacy within the protection of the Fourth Amendment. *United States v.*

*Miller*, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976). I need not discuss here whether such records fall within the protection of Tex. Const. Ann. art. 1, § 9 (1984). *See* 1 LaFave, Search and Seizure § 2.7(c), 508–11 (2d ed. 1987).

peal from the district-court decision in a suit for enforcement. Nevertheless, the federal courts of appeal hold uniformly that such decisions *are* "final decisions" within their power to review on appeal for error or modification. *LaMura v. United States*, 765 F.2d 974 (11th Cir.1985); *United States v. Church of Scientology of California*, 520 F.2d 818 (9th Cir.1975); *International Brotherhood of Electrical Workers v. E.E.O.C.*, 398 F.2d 248 (3d Cir.1968), cert. denied, 393 U.S. 1021, 89 S.Ct. 628, 21 L.Ed.2d 565 (1969); *D.I. Operating Co. v. United States*, 321 F.2d 586 (9th Cir.1963); *United States v. McDonald*, 313 F.2d 832 (2d Cir.1963); *Penfield Co. of California v. Securities and Exchange Commission*, 143 F.2d 746 (9th Cir.1944), cert. denied, 323 U.S. 768, 65 S.Ct. 121, 89 L.Ed. 614.

The conclusion that such decisions *are* "final decisions" rests upon the nature of the cause of action created in 5 U.S.C.A. § 555(d) to obtain enforcement of agency subpoenas. That statute assumes, of course, that the main controversy remains pending in the agency, awaiting a final decision. That controversy may or may not culminate in a final decision by the agency, and a suit for judicial review of that final decision may or may not be brought. A subpoena-enforcement action under 5 U.S.C.A. § 555(d), however, brings to the district court only one ultimate issue: whether the court should enforce the subpoena. *Hence, the district-court decision on that ultimate issue disposes of the entire controversy raised in the statutory cause of action then before the court under 5 U.S.C.A. § 555(d), making it a final decision given the nature of that cause of action.* Benton, *Administrative Subpoena Enforcement*, 41 Tex.L.Rev. 874, 884–85 (1963). I would hold, on the same ratio-

nale, that an appeal lies from the district-court decision in an enforcement action brought under authority of APTRA § 14(n).[6]

Concerning the "flood of appeals" feared by the majority, I should point out that this is not a legal principle that applies in whole or in part to determine whether we have jurisdiction on appeal, however interesting it might be to a legislator contemplating a change in our statutory jurisdiction. We would not, for example, tolerate a district-court decision dismissing an action under APTRA § 14(n) on the naked basis that the district court feared the anticipated "flood." In all events, however, the "flood of appeals" is quite illusory as indicated by the relative paucity of reported appeals taken in the federal system under 5 U.S. C.A. § 555(d). Professor Cooper notes the same paucity in the context of state administrative law, explaining that the agencies have ordinarily, as a practical matter, the means of obtaining information without resort to their subpoena power. 1 Cooper, *supra*, at 294–95. The majority omit to refer to any factual basis for their fear.

## DISPOSITION OF THE APPEAL

Pelt has appealed to this Court raising two points of error, each of which claims error in the district-court decision to deny his motion to quash. In his first point of error, he correctly states that art. 342–705 does not apply to subpoenas issued by an administrative agency in a contested case. He argues that the Commissioner is not a "court of competent jurisdiction"; but, he also argues inconsistently that art. 342–705 therefore required the district court to sustain his motion to quash. In his second point of error, Pelt contends the district-court decision was erroneous because the

---

**6.** In this respect, the statutory cause of action authorized in APTRA § 14(n) is much like that authorized in APTRA § 12 to obtain a declaratory judgment on the applicability or validity of an agency rule. Under APTRA § 12, a plaintiff may sue for a declaratory judgment, and such a judgment may be given irrespective of "whether the plaintiff has requested the agency to pass on the validity or applicability of the rule in question," provided the plaintiff's suit in district court may not "be used to delay or stay a hearing after notice of hearing has been given if a suspension, revocation, or cancellation of a license by an agency is at issue before the agency." Section 12 of APTRA thus contemplates that a suit thereunder may be brought *even though* a contested case, involving the applicability or validity of the rule, is pending in the agency.

Both § 12 and § 14(n) thus contemplate an interlocutory suit while the contested case is pending in the agency.

Commissioner's subpoena did not extend beyond 100 miles from Austin.

It appears to me that even if Pelt is correct in either of his two contentions that conclusion would not affect the controversy because it would not make the subpoena enforceable. The Commissioner's subpoena is not enforceable *as such* for the reasons given previously. Its enforcement depends rather upon the district court's future decision to order its enforcement, based upon a finding by that court that good cause exists for issuance of the subpoena. APTRA § 14(n).

The Board has sued in the present cause for enforcement in the required manner, under APTRA § 14(n), but the district court *has not made a decision in that regard* and has not severed the Board's statutory action to enforce the subpoena from Pelt's action to quash it.

The district court's decision on Pelt's action to quash does not by implication adjudicate the Board's independent action for enforcement of the subpoena. This is because the district court's negative action in refusing to quash the subpoena does not supply by implication the affirmative statutory elements necessary to obtain enforcement of the Board's subpoena: (1) a finding of good cause made by the court and (2) its issuance of an order requiring compliance. APTRA § 14(n).

In this state of the record, the district-court order denying Pelt's action to quash the subpoena is not a final judgment within our power of review because it does not dispose of all the parties and claims explicitly or by implication. *See Davis v. McCray Refrigerator Sales Corporation,* 136 Tex. 296, 150 S.W.2d 377, 378 (1941). Insofar as the appellate record indicates, the subpoena remains now as it existed on the day it came from the Commissioner's hand; it has no coercive force of its own and, if the witness obeys its command, he simply does so voluntarily.

For the reasons given, I concur that the appeal must be dismissed.