

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00323-CV

**BRAZOS VALLEY MHMR,**

**Appellant**

**v.**

**GENA TAYLOR,**

**Appellee**

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 07-003212-CV-361**

## MEMORANDUM OPINION

Brazos Valley MHMR filed this interlocutory appeal, contending that the trial court erred in refusing to grant its plea to the jurisdiction. We will dismiss the appeal for want of jurisdiction.

Appellate courts have jurisdiction over immediate appeals of interlocutory orders only if expressly provided by statute. *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998). Because the statute authorizing interlocutory appeals is a narrow exception to the general rule that only final judgments and orders are appealable, it must be given

a strict construction. *Tex. Dep't of Transp. v. City of Sunset Valley*, 8 S.W.3d 727, 730 (Tex. App.—Austin 1999, no pet.).

Section 51.014(a)(8) of the Civil Practice and Remedies Code provides for an interlocutory appeal from an order granting or denying a plea to the jurisdiction by a governmental unit. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon 2008). Brazos Valley MHMR argues that the order from which it appeals is effectively a denial of its plea to the jurisdiction and is thus appealable under section 51.014(a)(8).[1] Even assuming that an "effective denial" of a plea to the jurisdiction is appealable under section 51.014(a)(8), our review of the record reveals that the trial court did not effectively deny Brazos Valley MHMR's plea to the jurisdiction. Instead, the trial court granted a continuance to allow Taylor discovery on the specific issue of jurisdiction before ruling on the plea.[2] Thus, there is no order denying Brazos Valley MHMR's plea

---

[1] The order provides: (1) Brazos Valley MHMR's "Plea to the Jurisdiction and Conditional Motion for Severance is continued until such time as Plaintiff has had an opportunity to conduct discovery with regards to the issue of whether [Brazos Valley MHMR] had notice of a claim being made against them by Plaintiff," (2) "Plaintiff may depose the insurance adjuster(s) and/or defendant company representative(s) involved in investigating and handling this claim," (3) a copy of the entire claims file must be delivered to the court for an in camera inspection to determine what documentation in the file might be privileged, and (4) the court will provide Plaintiff with a copy of the entire claims file, excluding any privileged documents, in order for Plaintiff to discover any evidence with regard to whether Brazos Valley MHMR had notice of a claim being presented to it and for Plaintiff to determine the identity of the proper individual(s) to depose as to the issue of notice.

[2] Brazos Valley MHMR cites the Fifth Circuit's opinion in *Helton v. Clements*, 787 F.2d 1016 (5th Cir. 1986), to support its argument that a trial court's refusal to rule on a plea constitutes a denial of the plea and is thus appealable. In *Helton*, the defendants filed a motion to dismiss, asserting the defenses of absolute and qualified immunity. Subsequently, the district court ordered: "[A]ll parties and attorneys are here notified that any further motions in this case will not be ruled upon by the court prior to trial but will be carried along with the trial of the case on the merits. The ruling applies to any pending motions. . . ." The defendants appealed, challenging the trial court's refusal to rule on their motion to dismiss until trial. In addressing the order's appealability, the Fifth Circuit held that an order that declines or refuses to rule on a motion to dismiss on the basis of a claim of immunity "is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Id.* at 1017. The order

to the jurisdiction from which it may appeal. Furthermore, neither a discovery order nor an order granting a continuance is an interlocutory order subject to immediate appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a); *Pelt v. State Bd. of Ins.*, 802 S.W.2d 822, 827 (Tex. App.—Austin 1990, no writ).

For these reasons, we dismiss this interlocutory appeal for want of jurisdiction.[3] In addition, although requested by Taylor, we decline to assess sanctions against Brazos Valley MHMR for bringing a frivolous appeal.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Appeal dismissed
Opinion delivered and filed May 13, 2009
[CV06]

---

in this case is distinguishable, however. In this case, the trial court did not refuse to rule on Brazos Valley MHMR's plea until trial; rather, it only continued the plea to allow Taylor discovery on the specific issue of jurisdiction. Respectfully, federal authority is also not controlling or persuasive in this cause.

[3] Brazos Valley MHMR requests in the alternative that we construe its brief as a petition for writ of mandamus, but no authority on point supports this request.