

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-17-00423-CV

KELLY THOMAS                                                    APPELLANT

V.

CARL PUGLIESE; SETH JOHNS,                                     APPELLEES
CMO OF CARL'S HANDYMAN;
AND CULPEPPER PLUMBING &
AIR CONDITIONING, INC.

----------

## FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY
### TRIAL COURT NO. CV-2016-01764

----------

## MEMORANDUM OPINION[1]

----------

This is the third appeal brought by appellant Kelly Thomas regarding her

pending lawsuit against appellees Carl Pugliese, Seth Johns, and Culpepper

---

[1]*See* Tex. R. App. P. 47.4.

Plumbing & Air Conditioning, Inc. As we have with her two prior appeals, we dismiss this appeal.

In 2016, Thomas filed suit against the appellees, alleging that they performed defective plumbing services at her home.[2] On October 27, 2017, the trial court entered a docket-control order, setting deadlines for discovery, dispositive motions, and trial. Thomas filed a notice of appeal from that order, but we dismissed it for want of jurisdiction because the order was not a final judgment or appealable interlocutory order. *Thomas v. Pugliese*, No. 02-17-00407-CV, 2017 WL 6616243, at *1 (Tex. App.—Fort Worth Dec. 21, 2017, no pet. h.) (mem. op.). Meanwhile, the trial court signed a second docket-control order on November 22, 2017. Thomas noticed her intent to appeal the second order, but voluntarily dismissed her appeal. *Thomas v. Pugliese*, No. 02-17-00422-CV, 2017 WL 6759039, at *1 (Tex. App.—Fort Worth Dec. 28, 2017, no pet. h.) (mem. op.).

On November 30, 2017, Thomas filed a third notice of appeal again challenging the November 22 docket-control order but additionally complaining of several trial court orders that were signed November 28, 2017: (1) the order

---

[2]In 2017, Thomas also filed a separate suit against her homeowners' insurance company in a district court, alleging that the company mishandled her claims for damages to her home. She appealed from the trial court's denial of her motion to arbitrate brought under insurance code section 541.161; however, we dismissed her appeal for want of jurisdiction because her motion had not been brought under section 171.021 of the civil practices and remedies code. *Thomas v. Standard Cas. Co.*, No. 02-17-00335-CV, 2017 WL 6376659, at *1–2 (Tex. App.—Fort Worth Dec. 14, 2017, no pet. h.) (mem. op.).

denying Thomas's motion to compel arbitration; (2) the order denying Thomas's motion to transfer her case to the district court hearing her claims against her homeowners' insurance company; (3) the order granting the appellees' motions for sanctions against Thomas; (4) the order granting the appellees' special exceptions to Thomas's petition and directing her to replead; and (5) the order denying Thomas's motion to compel discovery and deem her requests for admissions admitted. She also complains of the abatement of her case from July 27, 2017, to October 7, 2017, which was required by section 17.505 of the Deceptive Trade Practices Act.[3]

We have jurisdiction to consider appeals from final judgments or from interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An order denying a motion to compel arbitration "made under Section 171.021" of the civil practices and remedies code is immediately appealable. Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(1) (West 2011); *see also id.* § 171.021 (West 2011). Thomas argued in her motion to compel that arbitration was required "based on violations of laws and codes of Texas State Board of Plumbing Examiners" and under section 171.021 because the appellees refused to arbitrate. At no point did she rely on the existence of a valid arbitration agreement between her and the appellees. *See Ellis v. Schlimmer*, 337 S.W.3d 860, 861–62 (Tex. 2011) (noting

---

[3]The basis of the appellees' motion for sanctions was Thomas's continual filings during the abatement.

party seeking to compel arbitration under section 171.021(a) "must first establish the existence of a valid arbitration agreement"); *Schlumberger Tech. Corp. v. Baker Hughes Inc.*, 355 S.W.3d 791, 797 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("[I]t is the substance and function of the application [to compel arbitration] viewed in the context of the record that controls our interlocutory jurisdiction."). We conclude that Thomas failed to allege the existence of an applicable agreement to arbitrate and, therefore, failed to seek arbitration under section 171.021. *Cf. Schlumberger*, 355 S.W.3d at 799 ("Viewing the motion in the context of the record, we conclude that the substance and function of Schlumberger's motion was to allege the existence of an agreement to arbitrate that applied to the parties' dispute . . . and that Baker Hughes refused to arbitrate in accordance with that agreement."). Accordingly, her attempted interlocutory appeal of the trial court's denial is not authorized under section 171.098(a)(1).

The remainder of the orders challenged by Thomas on appeal are interlocutory and are not immediately appealable. *See, e.g.*, *Thomas*, 2017 WL 6616243, at *1; *In re N.L.*, No. 02-17-00205-CV, 2017 WL 3634015, at *1 (Tex. App.—Fort Worth Aug. 24, 2017, no pet.) (mem. op.); *Rudder v. Hannah*, No. 2-04-112-CV, 2004 WL 1176655, at *1 (Tex. App.—Fort Worth May 27, 2004, no pet.) (mem. op.); *Pelt v. State Bd. of Ins.*, 802 S.W.2d 822, 827 (Tex. App.—Austin 1990, no writ). We notified Thomas of our jurisdictional concerns. *See* Tex. R. App. P. 44.3. And although Thomas responded, she did not establish

4

our jurisdiction over her attempted appeal.[4]  We dismiss Thomas's appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3, 43.2(f).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  GABRIEL, KERR, and PITTMAN, JJ.

DELIVERED:  January 25, 2018

---

[4]The crux of her argument was that because she is indigent and because the appellees have insurance, they should be compelled to arbitrate Thomas's claims.