

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00138-CV

_____

SUSAN SHANKS, Appellant

V.

BILLY WAIR JR., REAVER WAIR, ANIKA JOHNSON, AND ADRIANNA
CRENSHAW, Appellees

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-307100-19

Before Wallach, J.; Sudderth, C.J.; and Gabriel, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

With her May 6, 2020 notice of appeal, Appellant Susan Shanks attempts to appeal from the trial court's April 1, 2020 interlocutory order granting the motion to quash depositions by written questions and motion for protective order filed by Appellees Billy Wair Jr., Reaver Wair, Anika Johnson, and Adrianna Crenshaw.[1] On May 7, 2020, we notified Appellant of our concern that we lack jurisdiction over this appeal because (1) the order complained of does not appear to be an appealable interlocutory order and (2) even if it were appealable, Appellant filed her notice of appeal too late, *see* Tex. R. App. 26.1. We indicated that the appeal could be dismissed unless Appellant or any other party filed a response by May 18, 2020, showing grounds for continuing the appeal. We have received no response.

We have appellate jurisdiction of appeals from final judgments and from interlocutory orders that the Texas Legislature has specified are appealable. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014. Discovery orders are generally not immediately appealable. *Pelt v. State Bd. of Ins.*, 802 S.W.2d 822, 826 (Tex. App.—Austin 1990, no writ). Because the Texas Legislature has not specified that interlocutory discovery orders are immediately appealable, we dismiss this interlocutory appeal for want of jurisdiction. *See* Tex. Civ.

---

[1]On May 12, 2020, this court denied Appellant's petition for writ of mandamus challenging the same order. *See In re Shanks*, No. 02-20-00137-CV, 2020 WL 2465329, at *1 (Tex. App.—Fort Worth May 12, 2020, orig. proceeding) (per curiam) (mem. op.).

Prac. & Rem. Code Ann. § 51.014; *see, e.g.,* *Phillips v. Phillips*, No. 05-18-00317-CV, 2018 WL 2228627, at *1 (Tex. App.—Dallas May 16, 2018, no pet.) (mem. op.); *Gonzalez v. Randel*, No. 03-15-00205-CV, 2015 WL 1967991, at *1 (Tex. App.—Austin Apr. 29, 2015, no pet.) (mem. op.); *In re Estate of Denton*, No. 11-14-00222-CV, 2014 WL 5823338, at *2 (Tex. App.—Eastland Nov. 6, 2014, no pet.) (per curiam) (mem. op.).

Per Curiam

Delivered: September 10, 2020